

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2010

# Alejandro Zarazua-Lopez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

## Recommended Citation

"Alejandro Zarazua-Lopez v. Atty Gen USA" (2010). *2010 Decisions.* Paper 2069.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2069

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4792

ALEJANDRO ZARAZUA-LOPEZ,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-844-143)
Immigration Judge:  Honorable Annie S. Garcy

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2010

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed:  January 13, 2010)

OPINION

PER CURIAM

        Alejandro Zarazua-Lopez entered the United States in 1990 as a visitor.  In 1997,

the Government issued an order to show cause and charged him as deportable for

remaining in the United States without authorization.  Zarazua-Lopez conceded the

charge.  Initially, he sought asylum and withholding of removal.  However, he withdrew those applications in favor of an application for suspension of deportation, and, in the alternative, a request for voluntary departure.

In 1998, the Immigration Judge ("IJ") denied Zarazua-Lopez's application for suspension of deportation but permitted him to voluntarily depart within one year of her order.  Zarazua-Lopez appealed to the Board of Immigration Appeals ("BIA").  In 2002, the BIA affirmed the IJ's decision without issuing a separate opinion, and allowed Zarazua-Lopez 30 days in which to voluntarily depart.

In 2008, Zarazua-Lopez filed a "motion to reopen/reconsideration of the BIA's decision."  He argued that his counsel at the time of his hearing rendered ineffective assistance and did not fully prepare and prosecute his application for suspension of deportation.  He also claimed that a lawyer he hired to file an earlier motion to reopen did not pursue the matter.  Zarazua-Lopez also mentioned (without any specificity) changed circumstances and stated that no IJ had addressed his claim of persecution.  With his motion, he submitted a copy of the asylum application he had previously withdrawn.

The BIA denied the motion because it was not filed within the 90-day time limit for filing a motion to reopen.  The BIA considered whether the ineffective assistance of counsel claim tolled the time limit, but concluded that it did not.  The BIA noted that Zarazua-Lopez did not comply with the requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), and did not explain the six-year delay in filing the motion.  It

2

held that equitable tolling was not warranted because Zarazua-Lopez did not show that he exercised due diligence in pursuing his case. The BIA also concluded that no time or number exception applied to any effort by Zarazua-Lopez to reapply for asylum, withholding, or relief under the Convention Against Torture. For instance, the BIA determined that Zarazua-Lopez presented no evidence of changed country conditions. To the extent that Zarazua-Lopez was presenting a motion for reconsideration, the BIA held that it was also untimely (and also deficient for not specifying any errors of law or fact in the earlier agency decisions).

Zarazua-Lopez presents a petition for review of the BIA's order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We consider questions of law de novo, but we otherwise review an order denying a motion to reopen or a motion for reconsideration under a highly deferential abuse of discretion standard. See Fadiga v. Attorney Gen. of the United States, 488 F.3d 142, 153-54 (3d Cir. 2007); Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004); Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). The BIA's discretionary decision will not be disturbed unless it is arbitrary, irrational or contrary to law. See Guo, 386 F.3d at 562. In this case, Zarazua-Lopez is unable to show an abuse of discretion.

Generally, a motion to reopen must be filed no later than 90 days after the date of the final administrative decision, and a motion to reconsider no later than 30 days from the mailing of the BIA's order. See 8 C.F.R. § 1003.2(b)(2) & (c)(2). In this case,

3

Zarazua-Lopez filed his "motion to reopen/reconsider" long after the deadlines had passed.[1]

Under some circumstances, equitable tolling is available. See Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). Zarazua-Lopez alleged ineffective assistance of counsel, which can serve as a basis for equitable tolling, if substantiated, and if accompanied by a showing of due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005). However, to rely on an ineffective assistance of counsel claim to toll a time limit, the BIA requires an alien to comply with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), a requirement we have held to be reasonable. See Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001). Zarazua-Lopez did not comply with the Lozada requirements. Furthermore, he did not exercise the due diligence necessary to win equitable tolling. See Borges, 402 F.3d at 407.

In his motion before the BIA, Zarazua-Lopez also alluded to changed circumstances in Mexico. The time limit for seeking relief from removal may be suspended in some cases of changed country circumstances, where the evidence of changed circumstances "is material and was not available and could not have been

---

[1]His motion was more akin to a motion to reopen than a motion to reconsider, for, as the BIA noted, Zarazua-Lopez did not specify errors of law or fact in the earlier agency decisions. See 8 C.F.R. § 1003.2(b)(1). Moreover, Zarazua-Lopez describes his motion as a motion to reopen in his brief before us, and discusses the 90-day deadline. We consider waived the arguments that he does not raise relating to the motion's treatment as a motion to reconsider. See Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc., 931 F.2d 1002, 1011 (3d Cir. 1991).

4

discovered or presented at the previous hearing." See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), Johnson v. Ashcroft, 286 F.3d 696, 704 (3d Cir. 2002). However, as the BIA concluded, Zarazua-Lopez did not present evidence of changed circumstances in Mexico. He merely mentioned that circumstances had changed and attached a copy of his previously abandoned asylum application.

For the reasons given above, the BIA's decision was not arbitrary, irrational or contrary to law. Accordingly, we will deny the petition for review.[2]

---

[2]We do not address Zarazua-Lopez's challenge to the earlier agency decision denying his application for suspension of deportation. We do not have jurisdiction over the matter as he did not file a timely petition for review from that order. See 8 U.S.C. § 1252(b)(1); Nocon, 789 F.2d at 1033.